SEALED UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | Criminal No. **07 - 1 6 5** |
| : | |
| v.    : | **UNDER SEAL** |
| : | |
| MICHAEL SHARPSTENE   : | **FILED** |
| : | |
| Defendant.   : | **JUN 2 6** 2007 |
| : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

**GOVERNMENT'S MOTION TO SEAL THE PLEA PROCEEDINGS, ALL DOCUMENTS
RELATED TO THE PLEA AND ANY TRANSCRIPT THEREOF
AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, the United States Attorney for the District of

Columbia, hereby respectfully submits this motion to seal the plea, plea proceedings, and plea

agreement, as well as all other pleadings, proceedings, records and files in this case, including the

instant motion to seal, and to delay entry on the public docket of this motion to seal and all related

matters.  In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to an Information, which is

being filed today, charging him with making false statements in violation of Title 18, United States

Code, Section 1001.  A copy of the plea agreement is attached hereto as Exhibit A.

The sealing is necessary because the attached plea agreement and related pleadings contain

sensitive information, and disclosure of which would not be in the interest of the defendant, the

government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this District, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because the targets of this investigation are themselves law enforcement officers. One witness in this case, who is also a law enforcement officer, has already been the subject of intimidation during the course of this investigation.

It is common knowledge to law enforcement officers that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of the cooperating individual.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea agreement and all

other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing

of the filing of these sealed pleadings and the accompanying order until (1) there is no longer a

substantial risk to the personal safety of cooperating individuals; and (2) the government represents

that it can continue its criminal investigation without substantial risk that it would be jeopardized

due to the public docketing of the fact that sealed pleadings have been filed in this case.  See

Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel has been advised of the contents of this motion and has informed the

undersigned prosecutor of counsel's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR.
United States Attorney
Bar No. 498610


By:     John Cummings
Member Maryland Bar
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

# S|O SCHERTLER & ONORATO, L.L.P.

David Schertler
DC & IL Bars

Danny C. Onorato
DC & CA Bars

Vincent H. Cohen, Jr.
DC, MD & NJ Bars

David H. Dickieson
DC, MD, VA & PA Bars

Lisa Fishberg
DC, MD & NY Bars

Mark E. Schamel
DC, MD & NY Bars

Robert J. Spagnoletti
DC, NJ, NY & TX Bars

Habib F. Hahn
DC & TX Bars

Carroll Crumbaugh Love
DC & MD Bars

Julie L. Mitchell
DC, MD & VA Bars

Mansi J. Shah
VA Bar

Michael Starr
DC Bar

Peter V. Taylor
DC Bar

May 18, 2007

**VIA FIRST CLASS MAIL**

John Cummings, Esq.
United States Attorneys Office
555 Fourth Street, N.W
Washington, D.C. 20530

    RE:   ***Michael Sharpstene***

Dear John:

    Enclosed please find the executed Plea Agreement and "Statement of the Offense" as it pertains to Mr. Sharpstene. We have made some minor changes in the Statement of the Offense to reflect Mr. Sharpstene's recollection of events. We anticipate any filing of the agreement with the Court along with the appropriate information will be under seal at this point based on our earlier conversation.

    As always, thank you for your consideration. Please let me know if you need any additional information.

             Very truly yours,

             David Schertler

CR 07-165-ESH
Exhibit A

enclosure

FILED

JUN 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATTORNEYS AT LAW  |  601 Pennsylvania Avenue, NW    202 628-4199
North Building, 9th Floor    202 628 4177 fax
Washington, D C 20004-2601    www.schertlerlaw.com

MAR-23-2007 `16:35    ◯3539414                                    3539414    P.02/17



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 23, 2007

David Schertler, Esq.
Schertler & Onorato, LLP
601 Pennsylvania Ave., N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601

Re:  <u>United States v. DUSM Michael Sharpstene</u>

Dear Counsel:

    This letter sets forth the full and complete plea offer to
your client, Michael Sharpstene, from the Criminal Division of the
Office of the United States Attorney for the District of Columbia
and the Criminal Section of the Civil Rights Division of the
Department of Justice (hereinafter also referred to as "the
Government" or "this Office").  This plea offer will expire on
April 9, 2007.  If your client accepts the terms and conditions of
this offer, please have your client execute this document in the
space provided below.  Upon receipt of the executed document, this
letter will become the Plea Agreement.  The terms of the offer are
as follows:

    <u>Charges and Statutory Penalties</u>

    1.    Your client agrees to plead guilty to one count of
providing a false statement to a federal official in violation of
18 U.S.C. §1001(a)(2) based on the false oral statement he provided
to members of Federal Bureau of Investigation on or about April 28,
2006.

    2.    Your client understands that, pursuant to 18 U.S.C. §§
1001, 3571(b)(3), and 3583(b)(2), your client faces a maximum
sentence of five (5) years of imprisonment, a fine of $250,000.00,
and a three-year term of supervised release.

3.    In consideration of your client's plea to the above offense, this Office will not seek further criminal prosecution of your client for the conduct set forth in the attached Statement of Offense.

### Resignation From the United States Marshals Service

4.    Your client further agrees that he will: a) within seven (7) days of entering his guilty plea before the Court, tender his written resignation to the United States Marshals Service; (b) prior to sentencing in this matter, provide the government with formal documentation to substantiate his resignation from the United States Marshals Service; and c) permit this Office to place a copy of this plea agreement and the "Statement of the Offense" in any official personnel file that the United States Marshals Service may keep pertaining to him.

### Factual Stipulations

5.    Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. *Prior* to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

6.    Your client understands that *the Court will determine* the sentence in this case, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006 ed.) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

7.    Generally, pursuant to U.S.S.G. §2B1.1(a)(2), the base offense level for a violation of 18 U.S.C. § 1001(a)(2) is 6.[1]

---

[1].    Pursuant to U.S.S.G. §2B1.1(c)(3), if the court finds that your client made a false statement with the intent to corruptly obstruct a federal criminal investigation, in violation 18 U.S.C. §1512(c)(2), your client could face a base offense level of 14 pursuant to U.S.S.G. §2J1.2(a).

2

## Acceptance of Responsibility: 2-point reduction:

8.  Provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

## Cooperation

9.  Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a)  Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant.  Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examination(s); and participating in covert law enforcement activities.  Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e).  Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his/her obligations under this agreement.

(b)  Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime.  Your client agrees to the forfeiture of all

3

assets which are proceeds of crime or traceable to such proceeds of crime.

(c)     Your client shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(d)     Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case.   The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).   However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his/her obligations under this agreement.   Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

10.  Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court.   Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e).   In any event, your client specifically agrees not to seek a downward departure without Government motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) who has committed a federal, state, local or any other offense.   Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his/her obligations under this agreement.

4

11.   Your client acknowledges and understands that during the course of the cooperation outlined in this agreement, enforcement agents and/or Government attorneys will interview your client. *Your* client has the right to have defense counsel present during these interviews.   After consultation with you, and with your concurrence, your client *may* knowingly and voluntarily waive this right and agree to meet with law enforcement agents and Government prosecutors outside of the presence of counsel.  If at *any time* you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

## Waiver of Rights

12(a).   In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

12(b).  Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court.  Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed.  Your client understands that the date for sentencing will be set by the Court.

## Court Not Bound by the Plea
## Agreement or the Sentencing Guidelines

13.   Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (e), upon consideration of the United States Sentencing Commission's Guidelines Manual.  Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court.  Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward

5

departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. §3553(e) and/or Section 5K1.1 of the Sentencing Guidelines. Your client understands also that the sentence to be imposed upon your client is determined solely by the Court.   It is understood that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

### Reservation of Allocution

14.  Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter.   In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law.   In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

15.  Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the

6

signing of this Agreement, that constitutes obstruction of justice
or (ii) engaged in additional criminal conduct after signing this
Agreement.

### Witness Fees

16. Your client further agrees to waive all rights, claims or
interest in any witness fee that your client may be eligible to
receive pursuant to 28 U.S.C. § 1821 for your client's appearance
at any grand jury, witness conference(s) or court proceeding(s)
during the course of your client's cooperation pursuant to this
agreement or any term of your client's incarceration.

### Breach of Agreement

17. Your client understands and agrees that your client will
not be allowed to move to withdraw the guilty plea entered under
this agreement solely because of the harshness of the sentence
imposed. Such a motion to withdraw shall constitute a breach of
this agreement.

18. Your client further understands and agrees that if, after
entering this Plea Agreement, your client fails specifically to
perform or to fulfill completely each and every one of your
client's obligations under this Plea Agreement, or engages in any
criminal activity prior to sentencing, your client will have
breached this Plea Agreement. In the event of such a breach: (a)
the Government will be free from its obligations under the
Agreement; (b) your client will not have the right to withdraw the
guilty plea; (c) your client shall be fully subject to criminal
prosecution for any other crimes, including perjury and obstruction
of justice; and (d) the Government will be free to use against your
client, directly and indirectly, in any criminal or civil
proceeding, all statements made by your client and any of the
information or materials provided by your client, including such
statements, information and materials provided pursuant to this
Agreement or during the course of any debriefings conducted in
anticipation of, or after entry of this Agreement, whether or not
the debriefings were previously characterized as "off the record"
debriefings, and including your client's statements made during
proceedings before the Court pursuant to Fed. R. Crim. P. 11.

19. Your client acknowledges discussing with you Federal Rule
of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules
which ordinarily limit the admissibility of statements made by a
defendant in the course of plea discussions or plea proceedings if

7

a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

20. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

21. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

22. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## Waiver of Right to DNA Testing

23. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

8

## Government's Obligations

24.    This Office will file the above-mentioned criminal information with the United States District Court for the District of Columbia for the purpose of your client entering a plea of guilty to the charge(s) contained therein.

25.    This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

26.    This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation,  determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e).    In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute. However,  notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance,  in the event  your client should fail to specifically perform and  fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

## Use of Self-Incriminating Information

27.    The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties].

9

## Immunity from Prosecution

28.     After the entry of your client's plea of guilty to the
offense(s) identified in paragraph number one above, your client
will not be charged with any non-violent criminal offense in
violation of Federal or District of Columbia law which was
committed within the District of Columbia by your client prior to
the execution of this agreement and about which the United States
Attorney's Office for the District of Columbia was made aware by
your client prior to the execution of this agreement.  However, the
United States expressly reserves its right to prosecute your client
for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22
D.C. Code § 4501, if in fact your client committed or commits such
a crime of violence prior to or after the execution of this
agreement.

## Sealing

29.     It is further agreed that upon request the United States
shall seek authorization to request the Court to place under seal
this plea agreement and other relevant proceedings and documents
entered into the record in this matter.    Both parties agree that
this is necessary in order to protect the personal safety of your
client and the law enforcement agents/officers working your client.
Both parties further agree that if the record is sealed in this
matter, it shall remain under seal, subject to Court approval,
until your client is sentenced or such other time as the Court
might direct in response to a motion made by the United States.

## Witness Protection

30.     The United States agrees that if requested by your
client, and if appropriate in the sole discretion of this Office in
order to provide for the protection and security of your client,
the United States Attorney's Office for the District of Columbia
will sponsor your client for acceptance into the Witness Security
Program of the United States Department of Justice.    It is
understood, however, that the decision to accept your client into
the Witness Security Program is at the sole discretion of the
United States Department of Justice and not this Office.    It is
further understood that once accepted into the Program, the
continued participation of the your client will be governed
exclusively by the standard rules and regulations which have been
promulgated by the United States Department of Justice to
administer the Program.

**Complete Agreement**

31.    No other agreements, promises, understandings, or
representations have been made by the parties or their counsel than
those contained in writing herein, nor will any such agreements,
promises, understandings, or representations be made unless
committed to writing and signed by your client, defense counsel,
and an Assistant United States Attorney for the District of
Columbia.

32.    Your client further understands that this Agreement is
binding only upon the Criminal and Superior Court Divisions of the
United States Attorney's Office for the District of Columbia and
the Civil Rights Division of the Department of Justice. This
Agreement does not bind the Civil Division of this Office or any
other United States Attorney's Office, nor does it bind any other
state, local, or federal prosecutor.   It also does not bar or
compromise any civil, tax, or administrative claim pending or that
may be made against your client.

33.    If the foregoing terms and conditions are satisfactory,
your client may so indicate by signing the Agreement in the space
indicated below and returning the original to me once it has been
signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

By:

John Cummings
Assistant United States Attorney

11

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, David Schertler, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

5/17/07
_____
Date

_____
Defendant Michael Sharpstene


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

5-17-07
_____
Date

_____
David Schertler, Esquire
Attorney for the Defendant

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :  CRIMINAL NO.:_____
                             :
        v.                   :  VIOLATION: 18 U.S.C. § 1001
MICHAEL SHARPSTENE,          :  (False Statements)
                Defendant    :


## STATEMENT OF THE OFFENSE

1.  On or about August 30, 2005, in Washington, D.C., the
defendant, Michael Sharpstene, was employed by the United States
Marshals Service as a Deputy United States Marshal (DUSM).  On
the morning of August 30, 2005, DUSM Sharpstene was assigned to
the loading dock area of the Superior Court for the District of
Columbia located at 500 Indiana Ave., N.W., Washington, D.C.  A
number of other officers were working in the loading dock area
that morning, including DUSM Bryan Behringer and DUSM Stephen
Cook.

2.  On the morning of August 30, 2005, a Metropolitan Police
Department transportation van pulled into the loading dock of the
courthouse to drop off several prisoners, including the victim,
Omar Hunter.  Approximately four other inmates rode in the van
with Mr. Hunter.  The prisoners were attached to each other with
flex-cuffs that were attached to the prisoners' wrists.

3.  Once the van entered the loading dock area, DUSM Cook
and an MPD officer opened the rear door of the van.  Mr. Hunter

13

was sitting closest to the rear van door.  DUSM Sharpstene heard
a brief verbal exchange between DUSM Cook and Mr. Hunter.  DUSM
Sharpstene then saw DUSM Cook grab Mr. Hunter and saw him throw
Mr. Hunter to the ground.  Mr. Hunter was still flex-cuffed to
the other inmates, who were also pulled out of the van by the
force that DUSM Cook had applied to Mr. Hunter.  DUSM Sharpstene
then heard DUSM Cook curse at Mr. Hunter and saw DUSM Cook kick
Mr. Hunter in the facial area at least once.  At the time DUSM
Sharpstene made these observations, he immediately recognized
that the force DUSM Cook had used was excessive and was not in
response to any threat posed by Mr. Hunter.

4.  Within two weeks of witnessing this incident, DUSM
Sharpstene electronically filed a field report with his
supervisor regarding the alleged use of force by DUSM Cook.
Before completing his field report, he was contacted by DUSM
Bryan Behringer, who notified him that supervisory DUSM Rivers
needed a report.  DUSM Sharpstene asked DUSM Behringer what he
included in his report.  DUSM Behringer advised DUSM Sharpstene
that he had based his report on DUSM Cook's report.  DUSM
Behringer then communicated to DUSM Sharpstene the basic facts
contained in DUSM Cook's report.  DUSM Sharpstene then completed
his field report.  In that report DUSM Sharpstene intentionally
omitted the facts that he had observed DUSM Cook throw Mr. Hunter
to the ground and that he saw DUSM Cook kick Mr. Hunter in the
face.

14

5.  On or about April 28, 2006, DUSM Sharpstene was contacted by members of the FBI regarding the alleged assault on Mr. Hunter.  DUSM Sharpstene agreed to provide a voluntary oral statement to members of the FBI regarding this incident.    DUSM Sharpstene was advised of the nature of the investigation, including the fact that it was a federal criminal investigation. DUSM Sharpstene was also advised that he was free to terminate the interview at any time.  DUSM Sharpstene then knowingly provided a false statement to the FBI.  DUSM Sharpstene did not tell the agent either that he saw Mr. Hunter pulled off of the van by DUSM Cook, or that he had seen DUSM Cook kick Mr. Hunter in the facial area.  DUSM Sharpstene intentionally omitted this information in order to obstruct the federal investigation into the assault on Mr. Hunter.

6.  DUSM Sharpstene hereby acknowledges that his statement to the FBI on or about April 28, 2006, was false; that at the time he made the statement he knew it to be false; that he knew the false statement related to a material fact; that he knew the false statement was made in relation to a matter that was within the jurisdiction of a department or agency of the United States; that he acted wilfully in making the false statement to the FBI; and that in making the statement he intended to interfere with the federal criminal investigation into the assault of Mr. Hunter.

May-17-07   04:20pm   From-Kinkos    64 El Paso - Montana        915 781 1624        T-475   P.003/004   F-050

MAR-23-2007  16:39        3539414                              3539414   P.17/17

I HEREBY AFFIRM, UNDER PENALTY OF PERJURY, THAT THE
FOREGOING FACTS CONTAINED IN THIS STATEMENT OF THE OFFENSE ARE
TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_5/17/07_

DATE

MICHAEL SHARPSTENE

16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. _____** |
| **v.** | : | |
| | : | <u>**UNDER SEAL**</u> |
| **MICHAEL SHARPSTENE** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

<u>ORDER</u>

Based on the representations in the government's motion to seal the accompanying plea agreement, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following:

<u>FINDINGS OF FACT</u>

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation includes the possibility of covert activities which due to the nature of the investigation pose a substantial risk to the personal safety of the defendant.

The public docketing at this time of any notice that the government has filed a motion to seal the plea agreement, the transcript of the plea, and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion will likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation at substantial risk.

Based on the representations in the government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of _____, 2007  hereby

ORDERED that this Order, and the attached government motion to seal the plea, the transcript of the plea, and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the plea, the transcript of the plea, all proceedings and all pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the filing of the plea, the transcript of the plea, the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that notwithstanding the other provisions of this ORDER, the government

shall be permitted to request a transcript of the plea proceedings in this case, the Court Reporter

shall be permitted to prepare such a transcript and provide it to the government, and there may be

a limited lifting of this sealing order to allow the government to comply to comply with its

discovery, Giglio and Brady obligations in any pending criminal case in which the defendant

herein may be called as a witness, and to notify the Chief Counsel of the United States Marshals

Service regarding the existence of the plea to make sure it can comply with its obligations

pursuant to Brady and Giglio.

It is further

ORDERED, that notwithstanding other provisions of this order,  absent good cause

shown after notice to the parties herein and an opportunity for a hearing, this matter shall be

unsealed upon the final imposition of sentence.


_____

JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Copies to:

John Cummings
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530

David Schertler, Esq.
Shertler & Onorato
601 Pennsylvania Ave., N.W.
North Building - 9th Floor
Washington, D.C.  20004-2601
(202) 628-4199