IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 07 CR 00165-01  (ESH) |
| | ) | |
| MICHAEL SHARPSTENE | ) | UNDER SEAL |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Michael Sharpstene, through undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing.  For the reasons set forth below, we ask that the Court sentence Mr. Sharpstene to a period of unsupervised probation.  We note that in its Memorandum in Aid of Sentencing, the Government has also *affirmatively* recommended that Mr. Sharpstene be sentenced to probation.

### I.    BACKGROUND

On September 14, 2007, Mr. Sharpstene, at the time a Deputy United States Marshal, pled guilty to one count of false statements in violation of 18 U.S.C. 1001.  As a result of listening to the testimony at the trial of *United States v. Steven Cook*, and, in particular, the testimony of Mr. Sharpstene as a cooperating witness for the Government, this Court is well aware of the circumstances surrounding Mr. Sharpstene's criminal offense.  We will not repeat it here, except to emphasize to the Court that Mr. Sharpstene, like co-defendant Bryan Behringer, voluntarily admitted to the FBI Special Agent investigating this matter that he had lied in his earlier statements to the Agent, and told the Agent the truth, long before any criminal charges were brought or suggested against Mr. Sharpstene.  After those admissions, Mr. Sharpstene, through counsel, sought to resolve the matter immediately with the Government, and entered into

the present plea agreement, which included Mr. Sharpstene's full cooperation with the Government. Mr. Sharpstene met with the Government prosecutors on numerous occasions to provide information about the incident related to Mr. Cook's assault on Omar Hunter as well as variety of other incidents as well.

Mr. Sharpstene is now 36 years old. He grew up in North Carolina. He has a strong supportive family and social structure, although his father died when he was still in high school. The letters that are attached from family members and from friends clearly manifest the type of support he has from family and friends.

After graduating from high school, Mr. Sharpstene served honorably in the United States Navy. He did a tour of duty in the Middle East during the Gulf War and spent a total of eight years with the Navy.

Following his military service, Mr. Sharpstene fulfilled a life-long ambition to be involved in law enforcement by becoming a Deputy U.S. Marshal in 2003. His first assignment was the District of Columbia Superior Court cellblock. While this Court is familiar with some of the aspects of the Government's current investigation into the conduct of Deputy U.S. Marshal Cook, what became evident from the Government's more far-reaching investigation is that working the cellblock in Superior Court was a difficult and stressful assignment for young, inexperienced Deputies, such as Mr. Sharpstene. The assignment to the Superior Court Cellblock placed a number of young Deputies in a very tenuous position, without strong ethical leadership and moral guidance from the Marshal's Service in Superior Court. It was in this environment that Mr. Sharpstene found himself in a particularly untenable situation involving Deputy Cook's misconduct. There is no excuse for Mr. Sharpstene's decision; he recognizes that it was clearly wrong, but we submit that it was to a large extent the product of the difficult

circumstances in which Mr. Sharpstene was placed, as opposed to any inherent tendency to make false statements or commit crimes on the part of the man himself.

As the Government has noted, Mr. Sharpstene has already suffered severe consequences as a result of his false statement to federal agents. He has lost a promising career as a federal law enforcement official. His willingness and agreement to cooperate against a fellow Deputy made him a pariah among other Deputies who were former friends and colleagues. While his felony conviction has made it more difficult for Mr. Sharpstene to gain employment, he has already done that by relocating back to North Carolina and beginning a new career as a car salesman, where he has already experienced a good measure of success.

Most importantly, Mr. Sharpstene has acknowledged his wrongful conduct and recognizes that it is the product of his choice of actions. He is remorseful for his conduct and his plea agreement and his willingness to cooperate demonstrate that remorse.

## II.    ADVISORY GUIDELINES SENTENCING RANGE

We disagree with the Probation Department's calculation of the Mr. Sharpstene's base offense level of *14.*  As the Government points out in its Memorandum, the base offense level for a false statements violation under 18 U.S.C. 1001 is *6.*  U.S.S.G. § 2B1.1(a)(2).  Relying on U.S.S.G. § 2B1.1(c)(3), the Probation Department erroneously cross-referenced the obstruction of justice guideline, U.S.S.G. § 2J1.2, in setting the base offense level of *14.*  However, as the Government points out, a number of federal courts have refused to increase the base offense level under U.S.S.G. § 2B1.1(c)(3) if the conduct giving rise to the count of conviction does not satisfy all the elements of the greater charge, in this case, obstruction of justice.  *United States v. Bah*, 439 F.3d 423, 428 (8th Cir. 2006)(Trial court could not reference another offense under U.S.S.G. § 2B1.1(c)(3) if "the conduct set forth in the count of conviction does not establish that

3

[the defendant] committed [the other offense]"); *United States v. Genao*, 343 F.3d 578, 584 (2nd Cir. 2003)("[W]e hold that § 2B1.1(c)(3) is applicable only if the elements of another offense are established by conduct set forth in the count of conviction . . ."). As the Government candidly acknowledges and consistent with the Second Circuit in *Genao, supra*, Mr. Sharpstene's conduct in this case does not make out an offense under 18 U.S.C. § 1503 or §1512.

Consequently, Mr. Sharpstene's offense level is set by U.S.S.G. § 2B1.1. His base offense level is *6*, and with a two-point reduction for acceptance of responsibility, is reduced to *4*. This calculation places Mr. Sharpstene in Zone A with a guideline range of 0 to 6 months.

### III.    SENTENCING UNDER *BOOKER*

As the Court is well aware, the Sentencing Guidelines are no longer mandatory but, rather, they are merely advisory in the wake of the Supreme Court's holding in *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Under *Booker*, sentencing courts must treat the advisory guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). Those statutory factors are:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the kinds of sentences available;

3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

4) the need to provide restitution to any victims of the offense.

In applying the § 3553 statutory factors to Mr. Sharpstene's case, a probationary sentence is warranted given (1) Mr. Sharpstene's lack of any criminal record, (2) Mr. Sharpstene's substantial acceptance of responsibility and restitution; (3) his considerable cooperation at an early stage with the Government, (4) his prior military service to his country and (5) the

significant adverse impact his offense has caused his himself and his family, both financially and emotionally.    Again, we note that the Government has affirmatively requested that the Court impose a probationary sentence upon Mr. Sharpstene.  Probation in this case is appropriate.

**WHEREFORE,** for all the reasons set forth above, Defendant Michael Sharpstene asks this Court to impose a sentence of unsupervised probation.

Dated:  April 29, 2008                    Respectfully submitted,

David Schertler
Schertler & Onorato, LLP
601 Pennsylvania Avenue, N.W.
North Building – Suite 900
Washington, D.C.  20004
Telephone:  202-628-4199
Facsimile:   202-628-4177

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2008, a copy of the foregoing Motion was

served, via hand delivery, upon:

John Cummings, Esq.
Assistant United States Attorney
United States Attorney's Office
    for the District of Columbia
555 4th Street NW
Washington, D.C.  20530

David Schertler

Your Honor,

I am Michael Sharpstene's older brother. I hope you understand that his family will support him no matter what the outcome of his sentencing hearing. He is surely aware that his actions which led to such hearing will require some form of repercussion.

The first reaction Michael had to this situation was not only regret, but a high level of remorse. His family noticed a change in his character even before we were aware of his situation. He truly understands that he had made a terrible lapse in judgment. By simply having to live with his action is sufficient rehabilitation. As a business manager and trainer, I teach people that a mistake can be a learning tool. Many of my abilities which help me manage a 1.5 million dollar business have been the result of mistakes which I made and was given the opportunity to learn and grow from. I hope you will give Michael the same opportunity which was given to me.

I am aware that Michael will be sentenced for his action; I ask that you do not consider any form of incarceration. Not only do I feel this way because it would have a great negative affect on his entire family as well as himself, but because of his true feelings of remorse, he will not need such a sentence to be rehabilitated. In my opinion, the punishment would be totally unjust. Even though he made a bad decision, he is simply not the type of person who needs to be put behind bars. Michael is in no way a threat to society. Furthermore, it would be a waste of our tax payers money and resources to incarcerate him. I can assure that if you allow him a probationary period to prove himself as an asset to society, he will not disappoint.

When this hearing is over, I hope you will realize that incarceration will not help Michael in the least. For him, rehabilitation includes overcoming some mental anguish. He will live the rest of his life trying to get over the fact that his chosen career will never be realized again. His years spent in the Naval Academy became part of the basis for the only career he desired. He had to aggressively pursue becoming a part of the US Marshals Service. This was a true definition of being a "Dream Job" for Michael. While being a part of the US Marshals Service, he was very passionate about his position as well as having a tremendous amount of pride in his job. He felt like he was making a positive difference in our country. The biggest punishment for him is realizing that he will never be able to obtain such a role. Presently, Michael is having a difficult time in deciding on an alternate career. If he were to be sentenced to incarceration, that would make it even more difficult, if not impossible to make such a decision. Incarceration does not offer the means to rehabilitate Michael. He would not gain anything by such

a sentence. Since he is fully aware of his wrong-doing as well as greatly remorseful of his action, a jail sentence offers nothing that is needed to be a positive and productive member of society.

I hope you consider my opinion as to how Michael should be sentenced. I vouch for his character and guarantee that he is terribly sorry for making a bad decision while being employed by the US Marshals Service. Of course he wishes he had this decision back to do all over again, but in reality, he has a great deal of remorse and regret that it happened. Please understand that he does not belong in jail for his action. He has no history of any wrong-doing in the past; he will prove to everyone that he will not have any other instances in the future. He will do whatever is necessary to remain a positive, productive member of society. I understand that your job is extremely difficult, especially when you have to make tough decisions that will have a great impact on many lives. I hope you realize that it would not be a risk to sentence him to a probationary period which will allow him to prove his character and his positive value to society. I ask you to please spare my brother from incarceration.

Thank you for your valuable time.

Sincerely

Paul Sharpstene

A PLEA FOR MY GRANDSON, MICHAEL SHARPSTENE:

This note is addressed to the presiding Justice, U.S. District Court, Washington, D.C., in the matter of sentencing Michael D. Sharpstene.

I am Michael's grandfather. More specifically, I was married to Michael's grandmother for more than 30 years until her death in 2005, and had the chance to share the pride in watching this fine young man grow up to serve his family, his church, his military and his country. I am saddened that he now comes before you for sentencing, but want to take a moment to tell you about him, so that you can make an informed decision on his future.

Michael grew up the youngest of five boys in a loving home with his mom and dad. Like many in Asheville, N.C., he played baseball and other sports and I watched him as he served as an altar boy for the local Catholic Church. In every endeavor, he was the kind of person that any man would be proud to call son, or grandson. He applied himself in school, stayed out of trouble, graduated from high school, then enlisted in the U.S. Navy.

In his military service, he was entrusted with highly sensitive communications equipment and missions that included overseas service and also duty in the most secure, secret communications offices in the depths of the Pentagon. He discharged these duties honorably and with distinction. Then, he got the coveted opportunity to continue to serve his country and society as a U.S. Marshall, with initial duty in the District of Columbia. I know that he was so well-thought of by his commanders that he was assigned high-visibility details such as guarding Justice Sandra Day O'Connor in an appearance that was televised on C-SPAN, along with other more routine jail guard and inmate transport requirements.

For those first years of his career, he had a glowing future - one that is now gone forever, along with his dream of enforcing the law and helping his fellow man as a federal agent. I can not comprehend what turn of events has put him in this position, but I can assure you that it is totally out of character for him to disobey the law or seek to mislead a fellow police officer. But he has admitted that that is indeed what he did, and for that a penalty is required.

Your honor, I can only ask that you temper the need for justice against the mercy that is appropriate in a case like this. Michael has already paid a heavy price for his transgression. His long-desired law enforcement career is over; and he will carry the stigma of being an admitted felon with him for the rest of his life. His career choices will be somewhat limited, and I am sure the costs of his legal representation are not insignificant, especially considering his current initial-entry employment as a car salesman back home in North Carolina.

There is little point, in my opinion, in the federal government continuing to exact additional punishment in terms of incarceration or heavy fines. Society does not need to bear the costs of locking up an individual who can hold no threat of further violations. He has already suffered public embarrassment and long-term financial loss, and has certainly learned whatever lessons might be taught by a prison sentence.

Michael is working to get his life together again. He has just started a job that would be jeopardized if he were not able to return to it after his appearance before you for sentencing. He has his parents there in North Carolina to assist him in making his transition to his new lifestyle. He is learning a trade that can allow him to provide for his own future family. Knowing him as I do, I am sure that he will spend a portion of his life giving back to society, perhaps by speaking to groups of young adults in the public school classroom or Sunday services, where he can emphasize the importance of making right choices and living ethically.

I do not lightly quote Scripture, but two verses come to mind in this matter. Luke 17:3 suggests, "take heed to yourselves: if thy brother trespass against thee, rebuke him; and if he repent, forgive him." Ephesians 4:32 expands further, "be ye kind to one another, tenderhearted, forgiving one another, even as God for Christ's sake, hath forgiven you."

Michael's transgression against the rule of law is evident; but he has been open with the Court and clear in his repentance for what he did. Your honor, I respectfully ask that you consider recognizing this contrition with the lightest sentencing option available to you, knowing that it will result in a truer administration of justice.

In closing, I want to thank you for taking the time to consider my views and my request that you allow my grandson, Michael David Sharpstene, to return home to continue rebuilding his life.

Sincerely,

Richard V. Dowling,

Contact info:  Phone to (315) 543 - 7773; mail to Richard V. Dowling, PO Box 919, 1148 Sucker Lake Road, Oswegatchie, NY, 13670.

Honorable Judge Huvelle,

I am Michael David Sharpstene's aunt and I would like you to know some things about him. Michael is the youngest of my sister's five sons. He grew up in a strict and loving family who always looked out for each other. Michael's father passed away just before his high school graduation. He enlisted and served in the U.S. Navy for over seven years, and was honorably discharged after several overseas assignments. Michael has also been a volunteer coach for youth sports. He was proud to have been accepted as a Federal Marshall and felt that his fellow officers were a like a family.

I have known Michael his entire life, and we have always stayed in touch despite geographic distance. I was very shocked, disappointed, and saddened when he told me about the charges against him. This is not what I would have expected of him because Michael has never been in any kind of trouble before. He has always wanted to make things fair and right whether it concerned his brothers, his teammates, or his co-workers.

Michael has shown us that he knows what he did was extremely wrong. That's why he admitted his mistakes, reported them, and was willing to testify. He is frustrated with himself for his actions, but took responsibility for them and did what he could to correct the situation.

I urge you to take all of these factors under consideration during sentencing. Michael poses no threat to society. To the contrary, he has a record of being a responsible and productive person his entire life. A one-time lapse of judgment should be addressed, as it has been. But it need not further impede what has been, and will no doubt continue to be, an honorable life.

Thank you very much for your time and consideration.


Respectfully,

Mary Lyn Wolfert

Your Honor:

I am submitting this on behalf of Michael David Sharpstene.

My name is Dean Trotter and Uncle to Michael David Sharpstene, whom I have know since the day of his birth on June 8, 1971.

As his Uncle, I have spent many years watching this young man mature. Our families have been very close, having spent vacations and holidays together when ever possible.

Michael is the youngest of 5 boys. 5 very close boys. His mother and father raised their children to respect others, inspired them to be productive in their lives and believe in God. Honestly and truthfulness. Values that many families should follow today.

Values that directed Michael, to be where he is today. Values that were instill in him and lost for one moment, a moment I believe (and not sure of) was from a "code of honor." A code that after careful thinking, evaluating and remembrances of family values, over rode any other logic or codes. Values taught by his family of honestly and doing the "right thing", is the "code" that Michael followed. That is why he is before you.

I have been very close to all of my 5 boys. Proud of each and every one of them. Again, I watched Michael growing up from a child to a person, who today I admire and respect. I watched with pride, a young man enlist and serve in the United States Navy, shortly after his fathers death. A man who grew up and mature while serving in the first Gulf War to his final assignment at the Pentagon. And after 8 years of dedicated service, Michael looked for other challenges in his life.

He had been raised with the value of "earning a living" and not rely on others. He had proven this, with many different careers, until one very important opportunity came along. That being involved in law enforcement, namely as a United States Marshal. As a child, he had always wanted to be involved with law enforcement.


He had overcome many obstacles in his life, but the biggest one that laid ahead was the training and the rigors of becoming a U.S. Marshal at his age. A challenge that he accepted and proved was possible.

I still remember and something that no one can take from me, the pride in his eyes. The

pride of being a Marshal and again serving his country. A pride that every individual should experience sometime in their life's.

If there is one person alive today, who could speak ill of Michael Sharpstene, that person is a lonely person. A person who does not hold the same values that were instilled in Michael.

Michael has many friends, people who care for him and care about him. A man is lucky when he has friends and family that care and respect him for who he is and not for what he is. I have added a quote that I feel portrays Michael David Sharpstene.

In everyone's life, at some time, our inner fire goes out. It is then burst into flame by an encounter with another human being. We should all be thankful for those people who rekindle the inner spirit. ~Albert Schweitzer

I appreciate your time taken to review this letter. I hope it gives you insight of a person that I am proud to call "my boy", my friend and my Nephew.

Again, I do not know the circumstances, but I do know Michael David Sharpstene.

Thank you

Dean Trotter

**To Whom It May Concern:**

I have known Michael Sharpstene since 1993. Mike was a roommate for several years and eventually came to work for my company. When I met him he was in the US Navy. After he was released he began working as a manager / dispatcher for my service company. He was very instrumental in helping my company grow. We experienced a huge upturn in business then and doubled the size of the company. I was sad to see him go, but understood that he had always wanted to be in law enforcement and that he had to follow his dream. I consider Mike a trustworthy person and a close personal friend. I do understand what he did and certainly don't condone or excuse it. I do believe that he is and always will be a good and productive member of our society even with his recent lapse in judgment. Please take this into consideration. I appreciate your time.

*Rick White,* President
*Tech-24*
*WWW.Mytech24.com*
*5256 Eisenhower Ave.*
*Alexandria, VA 22304*
*Phone:* 703-373-1880
*Fax:* 703-354-6106
*e-mail:* Rick@Mytech24.com

To whom it may concern:

Mike Sharpstene was a natural leader on our high school baseball team. Mike was the player that always remained calm and treated everyone on our team and on the opposing teams fairly and with respect. Mike and I shared a common love for the game of baseball and our friendship was unproblematic to say the least. We tirelessly practiced baseball, worked part-time jobs together, and even dated girls who were best friends. Mike has four brothers, so he can't say this, but I have always considered Mike the brother my mother never provided for me. We had so much in common and even though Mike moved away after high school, our lives continued to take similar paths and we stayed in touch and remained lifetime friends.

Mike wisely chose to join the Navy immediately after completing high school and we (his friends and family) respected his decision although we would all miss him dearly. A year or so after Mike joined the Navy, I enlisted in the Marine Corps. Soon thereafter I was blessed with a wonderful job as a police officer. At some point in my career as a police officer, Mike showed enough interest in my department that he agreed to ride a shift with me one night to see how he liked it. I tried very hard to recruit Mike back to Charlotte where we attended high school, but he decided to remain in Washington after completing his tour with the Navy. Mike was eventually hired by the US Marshals and they truly got a great guy. I expected Mike to quickly advance in his law enforcement career.

Looking back on those years in the late 1980's when I was just getting to know Mike, I recall what a remarkable person he was and that is why I chose him as a close friend and grew to refer to him as brother. I have always admired Mike's good character.

I have always been proud to be Mike Sharpstene's close friend and I have always felt a part of his wonderful family. Many holidays I have chosen to spend with my Sharpstene family so as not to miss an opportunity to spend time with my good friend Mike.

I had hoped that Mike would eventually get to transfer to Charlotte, but I never in my wildest imagination would have thought that Mike would have ended up in the situation that led to his leaving the US Marshals. I wish there was something that I could do to help my friend save his career, but there is not. I wish I could find the words to let anyone who doubts Mike's good character know what a honest person he has always been. Mike's family and friends have always admired him and he has always been there for anyone that has needed him.

In closing I would like to say that Mike has shown what an incredible person he truly is by holding his head high and accepting the consequence of having to resign from his position that he appreciated so much and worked so hard to achieve. I admire how resilient Mike is and how optimistic he has remained.

God bless,

Brock Martin

Your Honor,

I am asking that Michael Sharpstene be relieved of his status—"felon". In reviewing the meaning of "felon"—evildoer, cruel, committing a grave crime. These characteristics are so opposite of who Michael is. In fact, his whole life, has been one of his being proud of who he is, committed to the different positions he has taken on, and has a habit with-in him, of changing a situation from bad to good.

As the youngest in the concert of five boys, as a team member and coach of many sports in his life, as a responsible person in school events, receiving several achievements during his eight years he proudly served in the Navy and the Pentagon—Michael has always been the one who has been complimented for being a great team member. He was the proudest of taking on, and accomplishing, the many challenges of becoming a U.S. Marshall, in 2003. One day he did make a bad decision —as we all have done.. I 've tried to make sense, or reason, as a mother, to this—the one thing that stays in my mind—Michael, and all of the brothers grew up, close in age. didn't tell on each other.

This has been a horrible situation for all of our family—especially Michael. I so respect the positive manner in which he has moved forward with this. On the inside, for Michael , I see his great spirit broken. For Michael to grow--to the potential he has been given--he needs that spirit back. Your making that possible, I feel, would make you proud in years to come.

Respectfully—and Thank-You for your time and attention,
Marcia Sharpstene Morris,
*Marcia Morris* 4. 15. 08



1970's          Michael



*Growing up!*



Michael; 1989- Graduation;
Dad died- 3 days before.





1992 :
Home !
From Desert
Storm.







July, 2003





1989 – Friends – Michael, Joey, Brock

2008 · Still Friends – Joey, Michael, Brock





Now

with brother Jeff ; nephew - Matt
niece - Sara

Now
Already
salesperson
of the month !